USDC SCAN INDEX SHEET










LMH    4/1/05    10:13
3:03-CV-00371    EYE LASER CARE V. MDTV
*105*
*SCHEDO.*



FILED

05 MAR 29 PM 1:02

CLERK, U.S. DISTRICT C...
...... DISTRICT OF C...

BY ............... DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EYE LASER CARE CENTER, L.L.C., et al., | Civil No.03cv0371 BEN (AJB) |
| Plaintiff, | |
| v. | Scheduling Order |
| MEDICAL NEWS NOW, INC., et al., | |
| Defendants. | |

Pursuant to Rule 16.1 of the Local Rules, a Case Management Conference was held on March 28, 2005. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1. The parties shall disclose the identity of their respective experts in writing by *December 1, 2005*. The date for the disclosure of the identity of rebuttal experts shall be on or before *December 23, 2005*. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony. **The parties must identify any person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is not limited to retained experts.**

2. On or before *January 31, 2006*, each party shall comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. **This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the part regularly involve the giving of expert testimony.**

3. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(c)on or before *March 3, 2006.*

4. **Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed.R.Civ.P.37 including a prohibition on the introduction of experts or other designated matters in evidence.**

5. All discovery, excluding experts, shall be completed by all parties on or before *December 30, 2005*. All expert discovery shall be completed by all parties on or before *April 28, 2005.* "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be completed* by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions shall be filed within 30 days after counsel have met and conferred and reached an impasse with regard to any particular discovery issue, but in no event shall discovery motions be filed more than 30 days after the close of discovery.

6. All other pretrial motions must be filed so that they may be heard on or before *June 23, 2006. (In intellectual property cases, this would include claims construction hearings.)* Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Be further advised that the period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. For example, you should contact the judge's law clerk in advance of the motion cut-off to calendar the motion. Failure to make a timely request a motion date may result in the motion not being heard.

Pursuant to Local Rule 7.1.f.1, when filing a Motion for Summary Judgment and/or Adjudication, defendants **shall** file and serve on plaintiff, a separate statement setting forth plainly and concisely

all material facts which they contend are undisputed. Each of the material facts stated shall be followed by a reference to the supporting evidence. Further, plaintiff **shall** file and serve on defendants, a separate statement that responds to each of the material facts contended by defendants to be undisputed, indicating whether the opposing party agrees or disagrees that those facts are undisputed. The statement also shall set forth plainly and concisely any other material facts that the opposing party contends are disputed. Each material fact contended by the opposing party to be disputed shall be followed by a reference to the supporting evidence.

7. Counsel shall file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1 (f)(2). The memorandum must be directly lodged with Judge Benitez' chambers no later than *August 31, 2006.*

8. Counsel shall comply with the Pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before *August 31, 2006.*

9. Counsel shall meet and take the action required by Local Rule 16.1 (f) (4) on or before *September 8, 2006.*

10. Objections to Pre-trial disclosures shall be filed no later *than September 15, 2006.*

11. The Proposed Final Pretrial Conference Order required by Local Rule 16.1 (f) (6) shall be prepared, served, and lodged on or *before September 15, 2006.* The Pretrial Order shall include a summary description of the case that can be read to the jury.

12. The final Pretrial Conference is scheduled on the calendar of Judge **Benitez** on *September 22, 2006* at *10:30 a.m.*

13. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

14. The dates and times set forth herein will not be modified except for good cause shown.

15. Dates and times for hearings on motions should be approved by the Court's clerk before notice of hearing is served.

16. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum

shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

Dated: 3/28/05

ANTHONY J. BATTAGLIA
United States Magistrate Judge

cc: Judge Benitez
All Counsel of Record