FILED

2007 JAN -5 AM 10: 57

CLERK US D...
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MDTV MEDICAL NEWS NOW, INC. and PAUL ARGEN,<br><br>Defendants/Cross and Third Party Plaintiffs,<br>vs.<br><br>EYE LASER CARE CENTER, LLC, WARREN CROSS, NORMAN RAPPAPORT, STEPHEN WEINSTOCK, and WEINSTOCK LASER EYE CENTER,<br><br>Plaintiffs/Third Party Defendants. | CASE NO. 03CV371-BEN (AJB)<br><br>**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**<br>**[Doc. Nos. 162, 165, 172]** |

This action was first filed by Plaintiffs Eye Laser Care Center, Nevyas Eye Associates and individual doctors--Herbert Nevyas, Michael Mazaheri, Stephen Weinstock, Norman Rappaport, and Warren Cross against Defendants MDTV Medical News Now, Inc. ("MDTV") and MDTV's Chief Executive Officer, Paul Argen.[1]  Plaintiffs purchased commercial advertising and marketing programs from MDTV.  Plaintiffs allege Defendants misrepresented their services, overcharged Plaintiffs, did not produce their television programs with adequate production capabilities, did not run their television programs at the appropriate times, did not honor the exclusivity provisions, and refused to refund their money.

As best as the Court can determine, MDTV and Paul Argen now move for partial summary

---

[1] On March 11, 2004, on stipulation, the Court dismissed Plaintiffs Herbert Nevyas and Nevyas Eye Associate's claims against MDTV and Argen.

1  judgment on claims asserted against them by Stephen Weinstock, the Weinstock Laser Eye Center,
2  Warren Cross, Norman Rapport, and Eye Laser Care Center LLC. MDTV and Argen are not
3  entitled to summary judgment.
4      "[A] party seeking summary judgment always bears the initial responsibility of informing
5  the district court of the basis for its motion, and identifying those portions of the pleadings,
6  depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any,
7  which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v.
8  Catrett, 477 U.S. 317, 323 (1986) (internal quotations and citations omitted); see also West Coast
9  Theater Corp. v. City of Portland, 897 F.2d 1519, 1525 -1526 (9th Cir. 1990). This is a heavy
10 burden. See Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467 (1962) (Summary
11 judgment is authorized under the rule only "where it is quite clear what the truth is, [and where] no
12 genuine issue remains for trial [for] the purpose of the rule is not to cut litigants off from their right
13 of trial by jury if they really have issues to try."). "Th[e] burden may be met by showing--that is,
14 pointing out to the district court--that there is an absence of evidence to support the nonmoving
15 party's case." Cline v. Industrial Maintenance Engineering & Contracting Co., 200 F.3d 1223,
16 1229 (9th Cir. 2000); see also Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir.
17 1996) ("The function of summary judgment is to pierce the boilerplate of the pleadings and assay
18 the parties' proof in order to determine whether trial is actually required.") (citation and internal
19 quotations omitted)).
20     Here, MDTV and Argen have failed to inform the Court of the bases of their motions or
21 provide the Court with any basis from which to conclude the claims against them lack any merit.
22 They have also failed to identify "those portions of the materials on file that they believe
23 demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec.
24 Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Nor have they identified the required
25 elements or prongs for each claim for which they seek summary judgment much less made a
26 showing of absence of material fact as to each element. See T.W. Elec. Service, Inc. v. Pacific
27 Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) ("A 'material' fact is one that is
28 relevant to an element of a claim or defense and whose existence might affect the outcome of the

suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense."). Moreover, MDTV and Argen's moving papers are confusing, failing to identify the precise claims (either counterclaim, third party claim, or both) on which they seek partial summary judgment.

Accordingly, motions filed by MDTV and Argen are **DENIED** without prejudice. MDTV and Argen may renew their motions for summary judgment on or before **February 14, 2007.** To properly do so, each motion must: (1) set forth, in the notice of motion and accompanying points and authorities, each individual claim, counterclaim, third party claim, or defense on which MDTV and Argen seek judgment as well as the party or parties associated with each individual claim, counterclaim, third party claim, or defense; (2) identify the required elements or prongs for each individual claim, counterclaim, third party claim, or defense with citation to case law authority; and (3) set forth a statement of undisputed facts, identifying those portions of the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

**SO ORDERED.**

DATED: 1/04/07

ROGER T. BENITEZ
United States District Judge

cc: All parties and respective counsel