# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN WEINSTOCK, M.D., et al.<br><br>　　　　　　　　　　　Plaintiffs,<br>　vs.<br>MDTV MEDICAL NEWS, INC. and PAUL ARGEN,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 03CV371-BEN (AJB)<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT [Doc. No. 197]** |

　　　Plaintiff Stephen Weinstock, M.D. ("Weinstock" or "Plaintiff") has filed an action against Defendants MDTV Medical News Now, Inc. ("MDTV") and MDTV's Chief Executive Officer, Paul Argen (collectively "Defendants"), alleging: (1) common law fraud; (2) common law negligent misrepresentation; (3) common law breach of contract; (4) deceptive and unfair trade practices under Florida Statutes §§ 501.204, 501.2105 and 501.211; and (5) negligence. Weinstock now moves for summary judgment on these claims. For the reasons that follow, Weinstock is not entitled to judgment.

　　　"A summary judgment is neither a method of avoiding the necessity for proving one's case nor a clever procedural gambit whereby a claimant can shift to an adversary the burden of proof on one or more issues." Watts v. United States, 703 F.2d 346, 347 (9th Cir. 1983) (citations omitted). "To obtain a summary judgment in favor of a claim, the moving party must offer evidence sufficient to support a finding upon every element of his or her claim except those elements

1  admitted by the adversary." Id. (citation and internal quotations and alterations omitted). "A
2  plaintiff who seeks summary judgment and who fails to produce sufficient evidence on one or
3  more essential elements of the claim is no more entitled to a judgment than is a plaintiff who has
4  fully tried the case and who has neglected to offer evidence sufficient to support a finding on a
5  material issue upon which the plaintiff bears the burden of proof.   In either situation, there is a
6  failure of proof." Id. (citation and internal quotations and alterations omitted).  Such is the case
7  here.

8  In his moving papers, Weinstock has failed to identify the required elements or prongs for
9  the claims on which he seeks summary judgment, much less a showing of absence of material fact
10 as to each element.  See T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626,
11 630 (9th Cir. 1987) ("A 'material' fact is one that is relevant to an element of a claim or defense
12 and whose existence might affect the outcome of the suit.  The materiality of a fact is thus
13 determined by the substantive law governing the claim or defense." ).  Weinstock merely set forth
14 the facts he alleges are undisputed without the required showing how such alleged undisputed facts
15 relate, or otherwise satisfy, his burden of proof as to his claims against the Defendants.

16 Accordingly, Weinstock's motion is **DENIED** without prejudice.  Weinstock may renew
17 his motion for summary judgment against the Defendants on or before **February 22, 2007**.  To
18 properly do so, the motion must: (1) set forth, in the notice of motion and accompanying points
19 and authorities, each claim in the operative complaint on which Weinstock seeks judgment; (2)
20 identify the required elements or prongs for each individual claim with citation to binding case law
21 authority; and (3) set forth a statement of undisputed facts, identifying those portions of the
22 pleadings, depositions, answer to interrogatories, and admissions on file, together with the
23 affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact, and
24 explain how such undisputed facts satisfy his burden of proof as to each prong of his claims.

25 **SO ORDERED**.
26 DATED:  January 25, 2007

Hon. Roger T. Benitez
United States District Judge