# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EYE LASER CARE CENTER, LLC., et al., <br><br> Plaintiffs, <br> vs. <br><br> MDTV MEDICAL NEWS NOW, INC., and PAUL ARGEN, <br><br> Defendants/Counterclaimants. | CASE NO. 03cv371-BEN (AJB) <br><br> **ORDER TRANSFERRING VENUE TO THE DISTRICT OF NEW JERSEY** |

Having sua sponte directed the parties to show cause why this case should not be transferred, and having considered all of the responses, the Court now transfers the case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404.

## I. LEGAL STANDARD FOR MOTION TO TRANSFER VENUE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404. The issue is whether or not the balance of convenience to the parties and witnesses and the interest of justice would be served by the transfer. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

**A.   This Action Could Have Originally Been Brought in the Transferee Venue**

This action could have properly been brought in the District of New Jersey under 28 U.S.C. § 1391, because Defendants are both residents of New Jersey.

**B.     The Transfer Will Serve the Convenience of the Witnesses**

The convenience of the parties and witnesses weighs in favor of the transfer.

Under § 1404(a), the district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000) (internal citation omitted).

Most of the many claims and counterclaims are based upon operative facts which occurred outside of the present forum. Only one party resides in this district. Few witnesses reside in this district. Other plaintiffs reside in Florida and Texas. The underlying controversy revolves around Defendants' production of television programming which took place primarily, if not entirely, in New Jersey.

Approximately 16 of 18 potential witnesses associated with Defendant's television production and advertising activities reside in New Jersey, while the other two reside in nearby Pennsylvania. In sum, the vast majority of non-party witnesses reside in the transferee district or reside outside of the transferor district.

It has been said that, "[t]he relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Saleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1160-1161 (S.D. Cal. 2005) (internal citation omitted); 15 Charles A. Wright, et al., *Fed. Practice & Procedure*, § 3851 (West 2003). In this case, that consideration weighs heavily in favor of transfer.

**C.     The Transfer Will Not Result in Significant Delay**

This transfer will not result in significant delay. The duration of the pendency of the litigation prior to the motion to transfer is a factor to be considered by the Court. *Moore v. Telfon Communications Corp.*, 589 F.2d 959, 968 (9th Cir. 1978). Delay weighs against the transfer if it is substantial and the case may be nearing its conclusion. *See Id.* (case pending for six years prior to the motion to transfer); *Kasey v. Molybdenum Corp. of America,* 408 F.2d 16, 20 (9th Cir. 1969)

(case pending for nine years and "moving toward conclusion.")

The present action has been pending for three years and substantive motion practice has concluded. The case is now ready for a trial date to be set, though none has been set as of this date. Because the trial of this case will depend heavily on the testimony of witnesses, the convenience of the witnesses is a significant consideration and transfer to a district where the majority of witnesses reside will likely reduce the delay associated with trial. These considerations weigh in favor of transfer.

### D. The Transferor Court's Familiarity with California Law is Not an Obstacle

Where the law of the state of the transferor court is complex or specialized, the factor weighs against transferring venue. In this case, however, the breach of contract claims and defenses are of the garden variety sort with which all federal courts are well-versed. The resolution of this action will depend less on expertise in the law and more on the court's factfinding function. Consequently, this factor in this case is neutrally weighted.

### E. The Transfer Will Serve the Interests of Justice

The interest of justice will be served by a transfer from a venue that has little connection to the operative facts giving rise to the Complaint to the district where most of the activities under the allegedly breached contract took place.

## II. CONCLUSION

Having considered these and the other factors set forth in 28 U.S.C. § 1404, the Court finds that the transfer of the present action to the United States District Court for the District of New Jersey will serve the paramount interests of justice and convenience of witnesses. Accordingly, this case is transferred to the United States District Court for the District of New Jersey.

**IT IS SO ORDERED.**

DATED: September 28, 2007.

_____
Hon. Roger T. Benitez
United States District Judge