# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EYE LASER CARE CENTER, LLC, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>MDTV MEDICAL NEWS NOW, et al,<br><br>Defendants/Cross and Third Party Plaintiffs,<br><br>vs.<br><br>EYE LASER CARE CENTER LLC, et al, and HECTOR GUALDA, RICHARD SAX, et al.<br><br>Defendants. | CASE NO. 03CV0371 BEN (AJB)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFFS' MOTION TO STAY TRANSFER; AND**<br><br>**(2) DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER TRANSFERRING CASE** |

## I. INTRODUCTION

This Court has previously ordered the above-titled case to be transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404. The Court ruled that the transfer will serve the paramount interests of justice and convenience of witnesses. On September 30, 2007, Plaintiffs filed a Motion to Stay Transfer. Because Plaintiffs specified the reasons why the case should not be transferred to New Jersey, the Court also construes this motion as a Motion for Reconsideration of its September 28, 2007 Order Transferring the Case. For the reasons that follow, Plaintiffs' Motion to Stay Transfer and Motion for Reconsideration are **DENIED**.

## II. FACTS

The parties in this case are residents of various states. Dr. Weinstock is a resident of Florida. Dr. Nevyas is a resident of Pennsylvania. Dr. Cross, Dr. Mazaheri, and Dr. Rappaport are Texas residents. Eye Laser Care Center is a California entity. Defendants MDTV Medical News Now, Inc. and Paul Argen are residents of New Jersey. The geographical center of the case is New Jersey, where MDTV and Argen carried out the advertising contracts.

## III. APPLICABLE LAW

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## IV. DISCUSSION

Plaintiffs have not shown a proper basis for reconsideration of the previous Court Order. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citation omitted). Plaintiffs have not presented any newly discovered evidence, which would justify a reconsideration in this case. Likewise, Plaintiffs failed to demonstrate a clear error or an intervening change in controlling law.

In an attempt to bolster their argument against transfer, Plaintiffs claim that more than one plaintiff is a California resident and that "Plaintiff Lee Nordan, M.D., has confirmed by a declaration . . . that he is a resident of California." Mot. to Stay Transfer at 5. This argument, however, misrepresents the true nature of Mr. Nordan's involvement in the case. In fact, only one party in this case, Eye Laser Care Center, is a California resident. As Dr. Nordan already acknowledged, he is a managing member of Eye Laser Care Center, and his presence in this case is "*on behalf* of Eye Laser Care Center." Nordan Decl. at ¶¶ 1, 3 (emphasis added). The Joint Case Status Report further reveals that Dr. Nordan is not a plaintiff in this action, and that his role in this case is that of appearing on behalf of Eye Laser Care Center.

Plaintiffs further argue that the Court "mistakenly adopted the misstatements of

defendants" that the underlying controversy in this case took place in New Jersey. However, the evidence presented in this case demonstrates that a substantial portion of production appears to have taken place in New Jersey. Finally, the remainder of Plaintiffs' arguments merely restate the arguments raised and considered prior to the Court's earlier Order. Therefore, the Court will not address them again in this Order.

Although the Court gave great weight to Plaintiffs' choice of forum and to increased expenses Plaintiffs will incur after the transfer, in this case, "the balance is strongly in favor" of New Jersey as a forum for this action. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Defendants presented sufficient evidence that New Jersey is the most convenient forum. Approximately 16 of 18 potential witnesses associated with Defendants' television production reside in New Jersey. Meanwhile, only a few witnesses reside in this district. Both Defendants are New Jersey residents, while only one Plaintiff is a resident of California. Additionally, the underlying controversy revolves around Defendants' production, which took place primarily, if not entirely, in New Jersey. These and other factors previously considered by the Court indicate that New Jersey is the proper venue for this case. Thus the Court, once again, rules that "the transfer is necessary for convenience of the parties and witnesses." *Van Dusen v. Barrack*, 376 U.S. 612, 634 n.30 (1964).

Plaintiffs have not presented any newly discovered evidence, pointed out a clear error of law, or shown a change in the existing law. Therefore reconsideration of this Court's previous Order is not justified. *School Dist. No. 1J, Multnomah County, Or.*, 5 F.3d at 1263.

## V. CONCLUSION

Plaintiffs have not provided a proper basis for reconsideration of this Court's previous Order to the United States District Court for the District of New Jersey. Accordingly, Plaintiffs' Motion to Stay Transfer and Motion for Reconsideration are **DENIED**.

IT IS SO ORDERED.

DATED: November 2, 2007

Hon. Roger T. Benitez

| | |
|---|---|
| 1 | United States District Judge |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |